[Civ. No. 10017. Second Appellate District, Division Two.—December 31, 1934.]

BOARD OF EDUCATION OF THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, HARRY STOUT et al., Respondents.

F. Britton McConnell for Petitioners.

Everett A. Corten, Emmet J. Seawell and Caryl Warner for Respondents.

WILLIS, J., *pro tem.*—In December of 1933, respondent Harry Stout was on the county welfare rolls ·of Los Angeles County, receiving aid in the form of groceries and foodstuff, being classified as an ''open welfare case''. The Civil Works

Administration (CWA), a federal relief agency, under its plan to furnish relief and relief work in aid of the states, requested the Board of Education of the City of Los Angeles, among other municipal corporations in Los Angeles County, to outline a project whereby work positions in and about the schools might be furnished, the plan requiring that the persons to fill these positions should be so-called "white collar" persons on the county welfare rolls. The board by resolution furnished an outline of a project, therein providing positions for clerical, gardener and janitor service and such like, but therein expressly declined to assume compensation liability or liability for injuries to workmen on the project. The CWA accepted this project and organized another agency called "Civil Works Service" (CWS) to administer the same, naming the project "Civil Works Service Project No. 8223". The county welfare officials sent Stout to the board to qualify himself for a position in this project. The board passed upon his qualifications and recommended him for a work order as a gardener, and such order was issued by county welfare to the respondent, who went to work on December 18, 1933, at Fishburn Avenue school in Maywood. He was supervised by the principal of the school in his performance of service, but was subject to discharge or transfer to another project by CWS only and his wages were fixed by the latter and paid by the disbursing officer of CWS from funds derived from federal appropriations provided for federal emergency relief. On January 15, 1934, while working as a janitor at the school, Stout was injured. After a hearing, the respondent commission decided that the county of Los Angeles was the general employer and that the Board of Education was the special employer; that the board received the benefit of his service and that said respondent was injured in the course of and arising out of such employment, and made an award against State Compensation Insurance Fund as insurance carrier of the Board of Education.

The questions herein presented are: (1) Was respondent Stout, at the time of injury, an employee as contemplated by the Workmen's Compensation Act? (2) Was he excluded from the benefits of such law by the amendment of section 8a thereof in 1933?

■ The transaction revealed by the record herein is clearly one lying within the field of public welfare and the essential characteristics of a contract of hire are not found therein, as defined in the Workmen's Compensation Law. Nor does it fall within the purview of that law or the theory upon which the law is founded and upheld. ■ Under the facts going to make up the transaction, and the definitions of employer and employee in the law in question, respondent Stout was not an employee of either the county of Los Angeles or the Board of Education. Nor does the finding that the board received the benefit of his services in anywise support a conclusion that thereby the status of employee was established. These conclusions are clearly consistent with and sustained by the decision in the case of *McBurney* v. *Industrial Acc. Com.*, 220 Cal. 124 [30 Pac. (2d) 414], decided on a state of facts constituting a transaction so similar to the one here involved, in its essential factors, as to constitute it a binding authority on this court.

■ In addition to the subject-matter on which the decision in the McBurney case was based, there arises in this case a new and additional factor by reason of certain subsequent amendments of the law relating to indigents and workmen's compensation. By Act 5815, section 1, Deering's General Laws, 1933 Supp., page 2042, in effect August 21, 1933, it was provided that work might be created and required of an able-bodied indigent as a condition of relief. Respondent Stout was able-bodied and this work was made work and was given him for the purpose of relief. By amendment of section 8a of the Workmen's Compensation Law (Deering's Gen. Laws, 1933 Supp., p. 1831), approved August 2, 1933, there was added a provision excluding from construction of the term "employee", as therein defined, "any person or persons who perform services in return for aid or sustenance only, received from any religious, charitable or relief organization". Stout received aid from a relief organization in the form of wages in return for service performed only on a relief project. Clearly he is excluded from the category of "employee" as thus limited by the act in question. ■ Section 12½ of the same law, added at the same session (Deering's Gen. Laws, 1933 Supp., p. 1834), does not, as claimed by respondent commission, in anywise affect or change the definition of "employee" as

contained in section 8 of the law. On the contrary, it is predicated on the existence of the status of employee, as defined in section 8a, is limited to unemployment work relief program conducted by the state or any political subdivision thereof, and simply provides a measure of determining disability payments if and when such are found to be lawfully due to some injured employee under the terms of the Workmen's Compensation Law.

The award is annulled.

Stephens, P. J., and Crail, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.